**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

David Holmes,

          Plaintiff,

    v.

Jason Reusch et al.,

          Defendants.

Case No. 2:24-cv-01138-GMN-BNW

**SCREENING ORDER AND**
**REPORT AND RECOMMENDATION**

David Holmes brings this case based on events that allegedly occurred on January 29, 2020, involving North Las Vegas police officers and Dotty's Casino. Plaintiff moves to proceed *in forma pauperis*. ECF No. 4. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. His request to proceed *in forma pauperis* will, therefore, be granted.

The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.**     **Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## B.    Screening the Amended Complaint

Here, Plaintiff alleges that on January 29, 2020, he was headed to Dotty's Casino located at 2542 Las Vegas Boulevard when North Las Vegas Police Officer Reusch ordered him to the ground. Plaintiff explains he put his hands up in the air, but that Officers Reusch hit him in the face with a baton, and that Officer Cooley joined in by kicking and stomping on him. Plaintiff alleges he sustained several injuries as a result. He also alleges Dotty's Casino knew he needed help and failed to call an ambulance even though he was laying "in a pool of blood on their property."

### 1.    Claims under 18 U.S.C. § 4, 18 U.S.C. § 241, 18 U.S.C. § 242

All the claims Plaintiff asserts under Title 18 are based on criminal statutes. Plaintiff cannot assert these claims because there is no private right of action for violation of criminal statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). As a result, the Court recommends that these claims be dismissed with prejudice.

**2.  Claim under 42 U.S.C. § 1983—Eighth Amendment**

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (*citing Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). In order to state a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Eighth Amendment thus governs conditions of confinement and the use of force against prisoners but does not apply to police action in the community.

Because plaintiff was not incarcerated at the time of the events described, he cannot bring an Eighth Amendment claim. As a result, the Court will recommend that this claim be dismissed with prejudice.

**3.  Fourth Amendment violations**

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham v. Connor*, 490 U.S. 386, 394–95 (1989).

The Court construes the allegations above as asserting a § 1983 Fourth Amendment claim against Officers Reusch and Cooley in their individual capacities.

**4.  Leave to amend**

It appears Plaintiff may be attempting to allege a negligence claim against Dotty's Casino for not calling an ambulance (or not calling one sooner). To succeed with a claim of negligence Plaintiff must satisfy four independent elements: "(1) an existing duty of care, (2) breach, (3)

legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008).

Plaintiff will be allowed to amend his complaint to allege additional facts that explain where he was located in relation to Dotty's Casino and why he believes employees at the establishment were aware of Plaintiff's condition. In addition, he must provide additional facts explaining why/how his injuries were caused by Dotty's Casino's failure to act.

Plaintiff will have 30 days to amend the complaint. Should an amended complaint not be filed within 30 days, then the case will proceed on the Fourth Amendment claim against the two North Las Vegas Officers.

**C.  Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the account of David Holmes, Inmate No. 121044, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of Chief of Inmate Services for the Clark County Detention Center at 330 S. Casino Center Blvd, Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for excessive force in violation of his Fourth Amendment rights shall proceed against Officers Reusch and Cooley.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to Defendant Officers Reusch and Cooley; (2) deliver the summonses along with two copies of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff two blank copies of Form USM-285. On the USM-285 forms, Plaintiff must fill in defendants' last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 18, 2024, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 18, 2024, to serve the Defendants. Fed. R. Civ. P. 4(m).

**IT IS RECOMMENDED** that the following claims be dismissed with prejudice:

- 18 U.S.C. § 4
- 18 U.S.C. § 241
- 18 U.S.C. § 242
- 42 U.S.C. § 1983 Eighth Amendment

**IT IS FURTHER ORDERED** that Plaintiff will have until August 18, 2024, to file an amended complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the

Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 18, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE