UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID HOLMES,

          Plaintiff,

  v.

JASON REUSCH, *et al.*,

          Defendants.

Case No.: 2:24-cv-01138-GMN-BNW

**ORDER ON MOTION FOR EXTENSION OF TIME**

Pending before the Court is the Motion for Extension of Time to Report to Defendants' Motion to Dismiss, (ECF No. 67), filed by Plaintiff David Holmes. Defendants Marcus Cook, Officer Chasity Smith, Officer Walter Batarina, Octavio Murillo-Pinedo, Spencer Kinney, Officer Robert Sherburne, Officer Jordan Beinke, Officer Jennifer Miller, Officer Daniel Krivak, Officer William Bull, Officer Coby Simpson, Officer Ruben Nunez, Officer Nicholas Harris, City of North Las Vegas, Jason Reusch, and Loren Cooley filed a Response, (ECF No. 69).

Plaintiff seeks an extension of time to respond to Defendants' Motion to Dismiss, arguing that it would be procedurally improper to require him to respond to the Motion to Dismiss prior to the completion of discovery. (Mot. Extend 2:2–5, ECF No. 67). Defendants' Motion to Dismiss is based on the expiration of the statute of limitation on Plaintiff's claims. The Court agrees with Defendants' assertion that the completion of discovery is not necessary to respond to the Motion to Dismiss. Moreover, Motions to Dismiss are regularly decided prior to the close of discovery.

Plaintiff filed his Motion for Extension of Time was filed on June 12, 2025, and his deadline to file a response was on June 18, 2025, which has now passed. Because Plaintiff did not file a response by the deadline, Defendants ask the Court to grant the Motion to Dismiss

unopposed. But given Plaintiff's pro se status and the Ninth Circuit's unequivocal preference for adjudicating cases on their merits, the Court will grant Plaintiff a limited extension of time to file a response. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). Because the completion of discovery is not relevant to Plaintiff's ability to respond to the Motion to Dismiss, the Court will not grant his request for an extension until 30 days after the completion of discovery. Instead, Plaintiff must file a response to the Motion to Dismiss by July 9, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time, (ECF No. 67), is **GRANTED, in part, and DENIED, in part.** The deadline for Plaintiff to file a response to Defendants' Motion to Dismiss is July 9, 2025.

The Clerk of Court is kindly directed to mail Plaintiff a copy of this Order.

Dated this __25__ day of June, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court