|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| David Holmes, | Case No. 2:24-cv-01138-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jason Reusch, et al., | |
| Defendants. | |

Before this Court are pro se Plaintiff's (1) motion to re-open discovery, extend the scheduling order, screen the second amended complaint, and serve the unserved Defendants (ECF No. 91); and (2) motion for a continuance to serve discovery requests on unserved Defendants (ECF No. 96). Defendants did not oppose the motion to reopen discovery and for miscellaneous relief (ECF No. 91), and the time do so has passed. While responses to the other motion are not due yet, this Court finds it expedient to resolve the motions together. For the reasons discussed below, this Court grants in part and denies in part Plaintiff's motions.

**I. BACKGROUND**

Plaintiff is currently incarcerated at High Desert State Prison, and he is proceeding pro se and *in forma pauperis*. *See* ECF Nos. 1 and 5. This Court entered a screening order that set the close of discovery for June 2, 2025. ECF No. 50. After screening and service of defendants, this Court consolidated two of Plaintiff's other cases with the present case and directed him to file a second amended complaint. ECF No. 55. This Court then extended the close of discovery to July 18, 2025. ECF No. 61. Plaintiff filed his second amended complaint and included three defendants that Plaintiff had not yet served: Dotty's Casino, Richard Craig Estey, and Jason Scaral. ECF No. 65.

Last month, Plaintiff moved to serve the unserved defendants and for leave to file discovery requests on the unserved defendants. ECF Nos. 92 and 93. This Court granted Plaintiff's request to serve the unserved defendants and directed Plaintiff to complete USM-285

forms with the U.S. Marshal so it could serve them. ECF No. 94. However, this Court denied Plaintiff's motion to file discovery requests on the unserved defendants because discovery had closed and the motion to reopen discovery was pending. *Id.* Less than one week later, Plaintiff refiled his motion for leave to file discovery requests on the unserved defendants. ECF No. 96.[1]

## II. DISCUSSION

Under Federal Rule of Civil Procedure 16(b), a party may modify scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Local Rule 26-3 further requires that, when a party requests an extension after a deadline expires, he must demonstrate that his failure to act was the result of excusable neglect. Good cause focuses on the movant's diligence. *Johnson v. Williams*, No. 2:20-CV-01835-RFB-DJA, 2023 WL 6218062 at *2 (D. Nev. Sept. 23, 2023). Excusable neglect depends on factors such as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017). Ultimately though, the determination is an equitable one that considers all relevant circumstances, and it "is left to the discretion of the district court." *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-CV-00407-JCM-CWH, 2017 WL 4467541, at *3 (D. Nev. Oct. 5, 2017).

In addition, courts may grant motions to reopen discovery as unopposed under this district's local rules. "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Local Rule 7-2(d).

//

//

---

[1] As of today's date, Plaintiff has also filed a motion requesting records (ECF No. 97) and a motion for appointment of pro bono counsel (ECF No. 98). This Court will decide these motions in due course.

Plaintiff moves to re-open discovery, extend the scheduling order, screen the second amended complaint, and serve the unserved Defendants. As an initial matter, this Court has already ordered the unserved Defendants to be served, and it has previously explained that it will not screen the second amended complaint because Defendants have appeared and are defending themselves. *See* ECF Nos. 90 and 94; *see also Joshua v. Oliver*, No. 2:23-CV-01087-MMD-MDC, 2024 WL 4891858, at *5 (D. Nev. Nov. 25, 2024), *amended*, No. 2:23-CV-01087-MMD-MDC, 2025 WL 1000990 (D. Nev. Apr. 2, 2025) ("The decision to screen post-answer complaints is discretionary, on a case-by-case basis.") (citing *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622 at *13–14 (D. Nev. Nov. 12, 2014)). Thus, this Court denies Plaintiff's motion in part as to these requests.

However, as to the requests to reopen discovery and extend the scheduling order, this Court grants the motion in part as unopposed. *See* Local Rule 7-2(d). Even considering Plaintiff's arguments, he has put forth sufficient reasons for this Court to find good cause and excusable neglect to grant his motion. For example, Plaintiff explains that the prison where he is incarcerated was on lock down status, that he attempted to contact defense counsel three times regarding outstanding discovery requests, and that he still needs to conduct discovery as to the currently unserved defendants.

Plaintiff does not request that discovery be reopened for a specific amount of time. This Court finds that a new discovery deadline of February 23, 2026, should give the parties an adequate amount of time to complete discovery. This date is 90 days after the U.S. Marshal must indicate whether the three defendants have been served. *See* ECF No. 94. Accordingly, dispositive motions will be due on March 25, 2026 (30 days after close of discovery), and the joint pretrial order will be due on April 24, 2026 (30 days after dispositive-motion deadline), or if dispositive motions are filed, the deadline will be suspended until 30 days after decision on the dispositive motions or further court order.

Given that this Court has reopened discovery, Plaintiff may serve discovery requests on the unserved defendants *once they have been served, i.e., once the summonses have been returned executed on the docket.* The summonses should appear on the docket in late November. As a

reminder, it is Plaintiff's responsibility to file a notice with this Court identifying whether the defendants were served. *See* ECF No. 94. If service is unsuccessful, Plaintiff may move to extend the discovery deadlines, if necessary.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to re-open discovery, extend the scheduling order, screen the second amended complaint, and serve the unserved Defendants (ECF No. 91) is **GRANTED in part and DENIED in part**. Discovery is reopened. Discovery cutoff: February 23, 2026. Motions due by March 25, 2026. Joint pretrial order due by April 24, 2026, or 30 days after a decision on the dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a continuance to serve discovery requests on unserved Defendants (ECF No. 96) is **GRANTED in part and DENIED in part.** Plaintiff may serve discovery requests once the Defendants have been served.

DATED: October 15, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE