UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| David Holmes, | Case No. 2:24-cv-01138-GMN-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Jason Reusch, et al., | |
| Defendants. | |

Presently before this Court is pro se plaintiff David Holmes' motion for appointment of counsel. ECF No. 98. Defendants for the City of North Las Vegas opposed. ECF No. 106. No reply is necessary for this Court to resolve this motion. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to its order.

**I.    LEGAL STANDARD**

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (Section 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (§ 1983 action)); *see also Palmer*, 560 F.3d at 970; *United States*

*v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995), *as amended* (May 24, 1995); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims).

## II.    ANALYSIS

This Court begins with the likelihood of success on the merits. Defendants have filed a motion to dismiss Plaintiff's second amended complaint which is currently pending. They raise statute of limitations arguments and explain why tolling principles afford no relief. At first glance, it appears Defendants present strong arguments for dismissal of the claims against them. While the remining Defendants still have to be served, this Court notes Plaintiff will face the same statute of limitations issue as it relates to those Defendants. In short, this prong is not favorable to Plaintiff.

Next, and more importantly, Plaintiff has demonstrated the ability to articulate his claims in light of the complexity of the issues involved. He has filed numerous motions and succeeded on a fair share of them. Thus, Plaintiff does not meet this prong.

At this juncture, the exceptional circumstances test has not been met.

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 98) is **DENIED**.

DATED: November 3, 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE