**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

David Holmes,

                  Plaintiff,

    v.

Jason Reusch, et al.,

                  Defendants.

Case No. 2:24-cv-01138-GMN-BNW

**ORDER**

Before this Court are eight motions by pro se Plaintiff: motion to strike Defendants' discovery responses (ECF No. 149), motion to compel internal affairs report (ECF No. 152), motions for judicial notice (ECF Nos. 153, 163, 187), and motions to supplement (ECF Nos. 169, 170, 171). These motions are fully briefed.[1] The parties are familiar with the arguments, so this Court will only incorporate them as necessary and relevant to its order. For the reasons discussed below, Plaintiff's motion to strike is denied in part, and his remaining motions are denied in full.

**I.    DISCUSSION**

    **A.  Motion to Strike**

First, Plaintiff moves to strike the City Defendants'[2] discovery responses as untimely because Plaintiff mailed the requests on October 6, 2025, and received the responses on December 24, 2025. ECF No. 149 at 1. Plaintiff also argues that some of the responses were

---

[1] This is true apart from ECF No. 187. Defendants have yet to respond because the response deadline has not passed. However, this Court can resolve the motion without further briefing given its similarity to Plaintiff's other motions for judicial notice.

[2] The City Defendants consist of Jason Reusch, Loren Cooley, City of North Las Vegas, Marcus Cook, Octavio Murillo-Pinedo, Officer Chasity Smith, Officer Coby Simpson, Officer Daniel Krivak, Officer Jennifer Miller, Officer Jordan Beinke, Officer Nicholas Harris, Officer Robert Sherburne, Officer Ruben Nunez, Officer Walter Batarina, Officer William Bull, and Spencer Kinney.

unsigned or not received. *Id.* Plaintiff similarly argues that the Dotty's Defendants'[3] responses were untimely because he sent the requests on October 30, 2025, and did not receive responses until December 23, 2025. *Id.* at 2.

As to Defendants Reusch and Cooley, Plaintiff argues that their responses to the first set of admissions was not signed or notarized, and this defect went uncorrected for five months. *Id.* at 3–4. Plaintiff further argues that he has not received Defendant Reusch and Cooley's responses to the second requests for admissions. *Id.*

As to Defendant Cook, Plaintiff argues that he has not received responses to the first set of admissions for 48 days. *Id.* at 4.

As to Defendants Smith, Batarina, Kinney, Sherburne, Miller, Krivak, Plaintiff argues that their responses to the first set of admissions were untimely (received on January 12, 2026) and had no signatures. *Id.* at 4–5.

As to Defendants Murillo-Pineda, Bienke, and Bull, Plaintiff argues their interrogatories and first set of admissions were untimely and lacked signatures. *Id.* at 5–6. He does not state whether he eventually received the responses.

As to Defendant Simpson, Plaintiff argues that his responses to the first set of interrogatories and admissions were received over 18 days late and had no signature. *Id.* at 6–7.

As to Defendant Nunez, Plaintiff argues that his responses to the first set of interrogatories and admissions were ignored for over 18 days. *Id.* at 6–7.

As to Defendant Harris, Plaintiff argues that his responses to the first set of admissions and interrogatories were untimely (received on January 12, 2026) and had no signature. *Id.* at 7.

As to Defendant City of North Las Vegas, Plaintiff argues that the response to the first request for production has had no signature since July 7, 2025. *Id.* at 8. He further argues that the response to the second request for production was over 20 days late. *Id.*

---

[3] The Dotty's Defendants consist of Nevada Restaurant Services Inc., d/b/a Dotty's, Richard Craig Estey, and Jason Scarale.

As to Defendant North Las Vegas Police Department, Plaintiff argues that the first set of interrogatories and admissions have had no signature since August 2025. *Id.* at 8. He further argues that responses to the second set of interrogatories and admissions were over 30 days late. *Id.*

As to Defendant Dotty's, Plaintiff argues that the responses to the first set of interrogatories, admissions, and requests for production were over 10 days late and contained no signature. *Id.* As to Defendants Estey and Scarale, Plaintiff argues that their responses to the first set of interrogatories and admissions were over 10 days late (received December 23, 2025) and were unsigned. *Id.* at 9.

The City Defendants responded that all responses, apart from Defendants Nunez and Pineda, were timely because Plaintiff misstated the day he mailed the requests (i.e., Plaintiff dated the discovery November 4, 2025, but mailed them on November 13 and 20, 2025). ECF No. 157 at 2. The City Defendants state that Defendant Nunez's responses were sent on December 23, 2025, and Defendant Pineda's were sent on January 12, 2026, because counsel was unable to get in touch with him earlier. *Id.* The City Defendants argue that Plaintiff should have filed a motion to compel, which would be moot because all the responses have been sent. They further argue that this round of discovery was voluminous—in excess of 20 sets of discovery. *Id.* The City Defendants further explain that they responded to the requests sent to Defendants Cooley and Reusch. *Id.* at 3 (citing Ex. A). They further argue that Defendant Cook's discovery responses were timely because Plaintiff did not send those requests until January 30, 2026. *Id.* (citing Ex. B). The City Defendants did not address Plaintiff's argument about unsigned responses.

The Dotty's Defendants responded that the responses were timely under the mailbox rule because the operative date under Federal Rules of Civil Procedure 5 and 6 is the date of mailing, not the date when Plaintiff drafted his requests. ECF No. 156 at 2–4. They attached exhibits in support of these statements. ECF Nos. 156-1–156-9. The Dotty's Defendants further responded that all their discovery responses were properly signed, except for Defendant Estey's, which was promptly signed ten days later—and before Plaintiff even noticed the unsigned response. *Id.*

Under Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), a party responding to interrogatories, requests for production ("RFPs"), and requests for admissions ("RFAs") must serve their answers, responses, and objections within 30 days of being served with those discovery requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Failure to object to Rule 33 interrogatories or Rule 34 RFAs within 30 days after being served generally results in the waiver of any objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); Fed. R. Civ. P. 33(b)(4). In addition, a matter is deemed admitted if the responding party fails to serve a written answer or objection to RFAs within 30 days of service. *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007); Fed. R. Civ. P. 36(a)(3). Courts retain discretion to excuse a late-responding party from waiver "for good cause" or when "special situations require it." Fed. R. Civ. P. 33(b)(4); see *Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012). Fed. R. Civ. P. 36, advisory committee's note to 1970 amendment.

As to the mailbox rule, Rule 5(b)(2)(c) provides that "[a] paper is served under this rule by: mailing it to the person's last known address—in which event service is complete upon mailing." To complement this, Rule 6 provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

Regarding signatures, "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . ." Fed. R. Civ. P. 26(g)(1). In addition, Rule 33 provides that, for interrogatories, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). While these responses must be signed under oath, notarization is not strictly required. *See* Fed. R. Civ. P. 33(b)(3). "Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2).

Here, this Court cannot verify whether the City Defendants' discovery responses were timely because no exhibits were attached regarding when the requests were mailed to the City

Defendants or when they responded to the requests. Plaintiff argues that he mailed the requests on October 6, 2025, and the City Defendants argue that he mailed the requests on November 13th and 20th. While the City Defendants attach Defendant Cooley and Reusch's responses to the *first* set of requests for admissions and interrogatories (Ex. A), this fails to address Plaintiff's arguments that he has not received their responses to the *second* set of requests for admissions and interrogatories. For Defendant Cook, Exhibit B shows that the discovery requests were mailed on January 30, 2026. Thus, Plaintiff's statement that the responses were "48 days late" (as of January 21, 2026) is incorrect—he had not even mailed the requests at that point. The City Defendants do not address Plaintiff's arguments regarding unsigned discovery responses, and again, this Court does not have the responses to verify whether they were signed, or when. Without more information, this Court is unable to decide the motion as to the City Defendants (apart from Defendant Cook).

As to the Dotty's Defendants, this Court finds that they timely responded based on the attached exhibits. The envelopes show that Plaintiff's requests were mailed to the Dotty's Defendants on November 24, 2025. ECF No. 156-1. All responses were signed and dated by December 24, 2025—within the 30-day period—and are timely. ECF Nos. 156-2–156-9. While Defendant Estey's interrogatory responses were not verified by him until January 5, 2026, this was only 10 days late and corrected before Plaintiff filed his motion. Because Defendant Estey promptly corrected the error, this Court will not strike it under Rule 26(g)(2).

In sum, this Court denies Plaintiff's motion to strike as to the Dotty's Defendants and Defendant Cook. It reserves ruling on the motion to strike regarding the remaining Defendants. The City Defendants must file a supplement that includes verification of the dates Plaintiff mailed the discovery requests and copies of the City Defendants' responses to those discovery requests.

### B. Motion to Compel Internal Affairs Report

Plaintiff moves to compel Defendant North Las Vegas Police Department to produce a copy of the internal affairs report regarding the investigation of the incident subject to this lawsuit. ECF No. 152 at 2–5. The City Defendants respond that the motion should be denied because Plaintiff attempted to meet and confer via a letter sent on November 6, 2025, which they

contend is insufficient under Local Rule IA 1-3(f). ECF No. 159 at 2. The City Defendants further respond that the motion to compel is moot because they are concurrently producing the documents sought by Plaintiff. *Id.* at 3.

First, this Court clarifies that Plaintiff's meet-and-confer letter was sufficient under the Local Rules. Local Rule IA 1-3(f)(1) states as follows: "The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication." Here, Plaintiff is pro se and incarcerated at Three Lakes Valley Conservation Camp. His letter was sufficient to satisfy the meet-and-confer requirement. Second, based on the City Defendants' representations that they are currently producing/have produced the documents sought, this Court will deny the motion to compel as moot and without prejudice.

### C. Motions for Judicial Notice

Plaintiff has filed three motions for judicial notice. ECF Nos. 153, 163, 187. He moves the Court to judicially notice various discovery exhibits, including "a copy of the NLVPD Police Report [that] proves all the Defendants came together to affirmative[ly] misrepresent and stonewall the plaintiff from the truth," public records that prove "Defendants violat[ed] Plaintiff's Due Process under [the] Fifth Amendment," and a NLVPD report that "shows Officer Loren Cooley committing perjury along with the false statements and affirmative[] misrepresentation and fraudulent concealment to prejudice Plaintiff from obtaining facts about his cause of action." ECF No. 153 at 1; ECF No. 163 at 5; ECF No. 187 at 2–3.

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Ninth Circuit has noted that a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). Grants of judicial notice are a matter of judicial discretion. *See United States v. Nat. Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).

Here, Plaintiff seeks to judicially notice documents that are clearly subject to reasonable dispute. While Plaintiff may view the documents as proof of Defendants' alleged violations, this Court has reviewed the documents and determined they are subject to varying interpretations. *See Khoja*, 899 F.3d at 999. Plaintiff should think carefully about filing these types of motions in the future. His motions for judicial notice are denied.

### D.  Motions to Supplement

Plaintiff moves this Court to supplement the City Defendants' discovery responses. It appears that Plaintiff is trying to compel the City Defendants to respond. He argues that Defendants North Las Vegas Police Department, Jason Reusch, and Loren Cooley failed to respond to his second set of discovery requests. ECF Nos. 169, 170, 171. These are substantially similar to the arguments Plaintiff made in his motion to strike. As discussed above, this Court will order the City Defendants to file a supplement so that it can determine whether they responded and whether those responses were timely. Accordingly, Plaintiff's motions to compel are denied without prejudice.

## II.    CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to strike (ECF No. 149) is **DENIED in part** consistent with the above order. However, the Clerk's Office is directed to leave the motion gaveled pending this Court's ruling on the motion as to the remaining City Defendants. The City Defendants must file a supplement that includes verification of the dates Plaintiff mailed the discovery requests and copies of the City Defendants' responses to those discovery requests by April 13, 2026.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel the internal affairs report (ECF No. 152) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk's Office is instructed to gavel ECF Nos. 163 and 187 as these are motions for judicial notice.

**IT IS FURTHER ORDERED** that Plaintiff's motions for judicial notice (ECF Nos. 153, 163, 187) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to supplement (ECF Nos. 169, 170, 171) are **DENIED** without prejudice.

DATED: March 13, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE