**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID HOLMES,

      Plaintiff,

  vs.

JASON REUSCH, *et al.*,

      Defendants.

Case No.: 2:24-cv-01138-GMN-BNW

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 66), filed by Defendants Jason Ruesch, Loren Cooley, Marcus Cook, Chasity Smith, Walter Batarina, Octavio Murillo-Pineda, Spencer Kinney, Robert Sherburne, Jordan Bienke, Jennifer Miller, Daniel Krivak, William Bull, Coby Simpson, Ruben Nunez, and Nicholas Harris (collectively the "City Defendants"). Plaintiff David Holmes filed a Response, (ECF No. 72), to which the City Defendants replied, (ECF No. 73). Further pending before the Court is the Motion to Strike, (ECF No. 68), filed by Plaintiff.[1] The City Defendants filed a Response, (ECF No. 69), to which Plaintiff replied, (ECF No. 71). Also pending before the Court are three Motions for Leave, (ECF Nos. 110, 114, 132), filed by Plaintiff.[2] Further pending before the Court is the

---

[1] Plaintiff moves to strike the City Defendants' Motion to Dismiss because it was filed before all defendants in the case were served and discovery had not concluded. First, a motion to dismiss is not subject to the striking provisions of FRCP 21(f) because it is not a pleading. *See ACC Indus., Inc. v. Bart St. II, LLC*, No. 2:17-CV-00942-JAD-CWH, 2017 WL 7725262, at *1 (D. Nev. May 16, 2017). Second, that the City Defendants filed a motion to dismiss prior to all defendants being served and before discovery concluded are not grounds to deny a motion to dismiss. Motions to dismiss must be filed 21 days after service of a complaint, regardless of when other defendants are served, and are therefore filed prior to discovery concluding. *See* Fed. R. Civ. P. 12(a), (b). Accordingly, Plaintiff's Motion to Strike, (ECF No. 68), is DENIED.

[2] A party moving for leave must provide good cause to justify granting the request. *See* LR 7-2(g). In ECF No. 110, Plaintiff requests leave of Court to supplement his Response to the City Defendants' Motion to Dismiss with allegations of the City Defendants' discovery violations. These allegations bear no consequence to determining the Motion to Dismiss. Accordingly, Plaintiff fails to establish good cause and ECF No. 110 is DENIED. In ECF No. 114, Plaintiff requests leave to file supplemental authorities to support arguments for

Motion for Entry of Clerk's Default, (ECF No. 115), filed by Plaintiff.  Also pending before the Court is the Motion to Dismiss, (ECF No. 117), filed by Nevada Restaurant Services Inc. dba Dotty's ("Dotty's"), Richard Craig Estey, and Jason Scarale (collectively the "Dotty's Defendants").  Plaintiff filed a Response, (ECF No. 129), to which the Dotty's Defendants replied, (ECF No. 133).[3]  Further pending before the Court is the Motion to Strike, (ECF No. 128), filed by Plaintiff.  The Dotty's Defendants filed a Response, (ECF No. 139), to which Plaintiff replied, (ECF No. 148).  Lastly pending before the Court are two Supplemental Motions, (ECF Nos. 134, 135), filed by Plaintiff.[4]

## I.      BACKGROUND

This action arises from an incident in which Plaintiff asserts he was physically attacked by North Las Vegas Police Department officers Jason Ruesch and Loren Cooley outside of a Dotty's Casino location on January 29, 2020. (*See generally* Second Amended Compl. ("SAC"), ECF No. 65).  Plaintiff brings claims under 42. U.S.C. § 1983 as well as claims for state law negligence.  The City Defendants and the Dotty's Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) arguing the claims are barred.

---

equitable tolling and equitable estoppel.  The authorities Plaintiff asks the Court to consider were in existence long before his Response to the City Defendants' Motion to Dismiss was due and do not otherwise change the Court's disposition.  Accordingly, Plaintiff fails to establish good cause and ECF No. 114 is DENIED.  In ECF No. 132, Plaintiff moves for leave to file supplemental exhibits to his Responses to the pending Motions to Dismiss and requests that the Court take judicial notice of the referenced exhibits.  Plaintiff does not provide points and authorities to support his request for judicial notice. *See* LR 7-2(d).  ECF No. 114 is therefore DENIED.

[3] Plaintiff filed an improper surreply, (ECF No. 140), to the Dotty's Defendants Reply in support of their Motion to Dismiss.  Plaintiff did not request leave of Court, nor did the Court grant Plaintiff leave to file the surreply.  Accordingly, the Court STRIKES ECF No. 140. *See* LR 7-2(b).

[4] Plaintiff files two supplemental motions in support of arguments he previously raised in response to the pending Motions to Dismiss.  Significantly, Plaintiff did not request leave, nor did the Court grant Plaintiff leave to file his supplemental motions. *See* LR 7-2(g).  Accordingly, the Court STRIKES Plaintiff's supplemental motions, (ECF Nos. 134, 135). *See id.*

## II.    LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

The City Defendants and the Dotty's Defendants move to dismiss Plaintiff's SAC. Before the Court addresses the merits of the motions, it must first address Plaintiff's Motion to Strike the Dotty's Defendant's Motion to Dismiss.

**A.  Motion to Strike**

Plaintiff moves to strike the Dotty's Defendants' Motion to Dismiss arguing that it was untimely filed. (*See generally* Mot. Strike, ECF No. 128).  To begin, Plaintiff's Motion to Strike is procedurally deficient.  FRCP 12(f) allows a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).  Motions to dismiss are not pleadings, *see* Fed. R. Civ. P. 7(a), and are thus not subject to striking under FRCP 12(f). *See, e.g., ACC Indus., Inc. v. Bart St. II, LLC*, No. 2:17-CV-00942-JAD-CWH, 2017 WL 7725262, at *1 (D. Nev. May 16, 2017). Notwithstanding this procedural deficiency—and because courts favor deciding cases on the merits—the Dotty's Defendants meet their burden of demonstrating excusable neglect for their late filing such that the Court considers the merits of their Motion to Dismiss and denies Plaintiff's Motion to Strike.[5] *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

FRCP 6(b)(1)(B) permits a court to extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).  "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

First, the danger of prejudice to Plaintiff is minimal, if any.  The Court cannot find any tangible harm Plaintiff suffered.  Second, the length of the delay was minimal—only five days—and did not delay proceedings in any significant way.  Third, the Dotty's Defendants contend that the delay was caused by their confusion over the applicable service dates for each

---

[5] The Court notes that the Dotty's Defendants' request for the Court to consider their untimely Motion to Dismiss is also procedurally deficient.  FRCP 6(b)(1) provides that a party must file a *motion* after the time has expired if the party failed to act because of excusable neglect.  The Dotty's Defendants filed no such motion; they moved for relief in a response.

of the Dotty's Defendants. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993), delays in filing resulting from "negligence and carelessness," rather than "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225. Finally, there is no evidence that the Dotty's Defendants acted in bad faith. Thus, the Court finds that the Dotty's Defendants show excusable neglect for their untimely Motion to Dismiss such that the Court will consider the motion's merits. Thus, Plaintiff's Motion to Strike is DENIED.[6]

### B. Motions to Dismiss

The City Defendants and the Dotty's Defendants move to dismiss Plaintiff's claims arguing they are barred by the applicable statute of limitations. (*See generally* City Mot. Dismiss, ECF No. 66); (*see generally* Dotty's Mot. Dismiss, ECF No. 117). Plaintiff's SAC asserts claims under 42 U.S.C. § 1983 and for state law negligence. (*See generally* SAC). The applicable statute of limitations for § 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999). In Nevada, the statute of limitations for filing a personal injury action, including negligence, is two years. Nev. Rev. Stat. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Federal law, however, determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (the "discovery rule").

---

[6] The Court therefore denies as moot Plaintiff's Motion for Clerk's Entry of Default based on the Dotty's Defendants' untimely Motion to Dismiss.

Here, Plaintiff's § 1983 and negligence claims against Defendants are time-barred under Nevada's two-year statute of limitations. *See* Nev. Rev. Stat. 11.190(4)(e).  Plaintiff claims that Defendants violated his constitutional rights and committed negligence against him when the City Defendants allegedly assaulted him on the premises of a Dotty's Casino on January 29, 2020. (*See generally* SAC).  Because Plaintiff's claims are based on actions that occurred on January 29, 2020—which Plaintiff knew or should have known caused him injury under the discovery rule—the statute of limitations on his claims expired on January 29, 2022.  Thus, Plaintiff's lawsuit, which commenced on June 20, 2024, with the filing of the original Complaint, is barred by the statute of limitations unless a tolling provision applies.

Plaintiff pleads five grounds for tolling and Defendants submit arguments to rebut to each.  The Court therefore takes up each ground in turn.  First, Plaintiff pleads tolling is warranted because of the COVID-19 pandemic. (SAC ¶ 278).  Plaintiff contends that during the COVID-19 pandemic, former Governor Sisolak, as part of the emergency declaration and subsequent directives, specifically Directive 009, dated March 12, 2020, tolled all statutes of limitations. (*Id.* ¶ 280).  But under Directive 026, the tolling period in Directive 009 was terminated.  As stated in Directive 026, "Directive 009 (revised) shall terminate on June 30, 2020 at 11:59 p.m.  All time tolled by Section 2 shall recommence effective July 31, 2020 at 11:59 p.m." (Directive 026, Ex. A to City's Mot. Dismiss, ECF No. 66).[7]  Statutes of limitations were therefore tolled approximately 141 days which would still bar Plaintiff's claims as untimely.

---

[7] A court may take judicial notice of a fact that is "not subject to reasonable dispute" in that the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001) (internal quotation marks omitted).  Accordingly, the Court takes judicial notice of Directive 026 because it is a public record.

Second, Plaintiff pleads tolling is warranted because he was incarcerated. (SAC ¶ 278). But Nevada statutory law does not toll the statute of limitations for incarcerated individuals. *See* Nev. Rev. Stat. 11.250(3); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (explaining state law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.).

Third, Plaintiff pleads tolling is warranted based on systemic denial of access to legal resources while incarcerated. (SAC ¶ 278). But Plaintiff was not incarcerated for many periods during the statute of limitations, so this argument is unavailing. (*See id.* ¶ 285).

Fourth, Plaintiff pleads tolling is warranted because Defendants deliberately obstructed and concealed evidence related to his claims such that he did not discover the full extent of his injuries until well after the January 29, 2020, incident. (*Id.* ¶ 278). He contends that the City Defendants would not release incident reports, photos, and body-worn camera footage of the January 29, 2020 incident when Plaintiff requested the same in March 2020 because the investigation was still ongoing. (*Id.* 37:7–38:12). But such records, while ultimately important to the success of a lawsuit, would be unnecessary for Plaintiff to commence the action.[8] Plaintiff knew or should have known of the injury he suffered on January 29, 2020, when he was allegedly assaulted by the City Defendants on the premises of a Dotty's Casino.

Lastly, Plaintiff pleads equitable tolling applies under the continuing violations doctrine. "The continuing violations doctrine functions as an exception to the discovery rule of accrual 'allowing a plaintiff to seek relief for events outside of the limitations period.'" *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (*quoting Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Under this doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls

---

[8] To the extent Plaintiff's Response raises discovery disputes that arose after the lawsuit commenced, those are immaterial to determining whether the statute of limitations should be tolled. (*See* Resp. to City 5:23–6:5, ECF No. 72).

within the limitations period." *Id*. (citing *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014)). "[T]he continuing violations doctrine is most frequently seen in the context of employment discrimination suits." (*Id*.). This doctrine is inapplicable here where Plaintiff's causes of action arise from a single instance of alleged harm, rather than repeated harm.

While not pled, Plaintiff also argues that the statute of limitations should be tolled based on equitable estoppel. (*See* Resp. to Dotty's 8:4–9:4, ECF No. 129). "Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061–62 (Nev. 2005) (quotation omitted). For equitable estoppel to apply: (1) "the party to be estopped must be apprised of the true facts"; (2) "he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended"; (3) "the party asserting the estoppel must be ignorant of the true state of facts"; and (4) "he must have relied to his detriment on the conduct of the party to be estopped." *Id.* (quotation omitted).

Based on these factors, there is no basis to equitably estop Defendants from raising the statute of limitations defense. Significantly, Plaintiff was not ignorant of the true state of facts; he was present when he was allegedly assaulted by the City Defendants while on the premises of a Dotty's Casino which forms the basis for his injuries.

Because there is no basis to toll the statute of limitations, the Court finds that Plaintiff's claims against all Defendants are time-barred and subject to dismissal.[9] The Court further finds that amendment would be futile.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the City Defendants' Motion to Dismiss, (ECF No. 66), is **GRANTED**.

---

[9] Because Plaintiff's claims are time-barred, the Court need not address any other ground for dismissal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 68), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave, (ECF No. 110), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave, (ECF No. 114), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk's Entry of Default, (ECF No. 115), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Dotty's Defendants' Motion to Dismiss, (ECF No. 117), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 128), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave, (ECF No. 132), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental Motion for Tolling Due to a Continuous Violation, (ECF No. 134), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental Motion for Equitable Estoppel, (ECF No. 135), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's surreply, (ECF No. 140), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining pending motions, (ECF Nos. 149, 164, 186), are **DENIED** as moot.

The Clerk of Court is kindly directed to close the case.

**DATED** this __27__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

Page 9 of 9